# United States District Court

FOR THE
**NORTHERN DISTRICT OF CALIFORNIA**

VENUE: SAN FRANCISCO



FILED
DEC 13 2018
SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

---

UNITED STATES OF AMERICA,

V.

CR 18 0601

PATRICK AYSON,

SI



DEFENDANT(S).

---

## INDICTMENT

18 U.S.C. § 1343 – Wire Fraud (Six Counts);
18 U.S.C. § 981(a)(1) and 28 U.S.C. §2461(c) – Criminal Forfeiture

---

A true bill.   _/s/ Foreperson_
                                         Foreman

Filed in open court this ___13th___ day of
___December, 2018___.

_/s/_
                                         Clerk

NO BAIL ARREST WARRANT

SALLIE KIM               Bail, $ _____
United States Magistrate Judge    _/s/_



AO 257 (Rev. 6/78)

| **DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT** |
|---|

BY: ☐ COMPLAINT  ☐ INFORMATION  ☒ INDICTMENT  ☐ SUPERSEDING

---

**OFFENSE CHARGED**

18 U.S.C. § 1343 - Wire Fraud

☐ Petty
☐ Minor
☐ Misdemeanor
☒ Felony

PENALTY:
Maximum imprisonment: 20 years
Maximum Fine: $250,000
Maximum Supervised Release: 3 years
Special Assessment: $100
Forfeiture

---

Name of District Court, and/or Judge/Magistrate Location
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

FILED
DEC 13, 2018
SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

**DEFENDANT - U.S**
Patrick Ayson

DISTRICT COURT NUMBER
CR 18 0601 SI

---

**PROCEEDING**

Name of Complaintant Agency, or Person (& Title, if any)
FBI

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40.  Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
☐ U.S. ATTORNEY  ☐ DEFENSE

SHOW DOCKET NO.

☐ this prosecution relates to a pending case involving this same defendant

MAGISTRATE CASE NO.

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

Name and Office of Person Furnishing Information on this form: ALEX G. TSE
☒ U.S. Attorney  ☐ Other U.S. Agency

Name of Assistant U.S. Attorney (if assigned): NEAL C. HONG

---

**DEFENDANT**

**IS *NOT* IN CUSTODY**
Has not been arrested, pending outcome this proceeding.
1) ☒ If not detained give date any prior summons was served on above charges ▶ _____

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**
4) ☐ On this charge
5) ☐ On another conviction  ☐ Federal  ☐ State
6) ☐ Awaiting trial on other charges
If answer to (6) is "Yes", show name of institution

Has detainer been filed?  ☐ Yes  ☒ No
If "Yes" give date filed _____

DATE OF ARREST ▶ Month/Day/Year _____
Or... if Arresting Agency & Warrant were not
DATE TRANSFERRED TO U.S. CUSTODY ▶ Month/Day/Year _____

☐ This report amends AO 257 previously submitted

---

**ADDITIONAL INFORMATION OR COMMENTS**

PROCESS:
☐ SUMMONS  ☐ NO PROCESS*  ☒ WARRANT    Bail Amount: No Bail

If Summons, complete following:
☐ Arraignment  ☐ Initial Appearance
Defendant Address: _____

* Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time: _____   Before Judge: _____

Comments:

ALEX G. TSE (CABN 152348)
United States Attorney

FILED
DEC 13 2018
SUSAN Y. S...
CLERK, U.S. DIST...
NORTHERN DISTRICT OF...

SEALED
BY COURT ORDER

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. CR 18 0601 SI |
| Plaintiff, | VIOLATIONS: |
| v. | 18 U.S.C. § 1343 – Wire Fraud (Six Counts); |
| | 18 U.S.C. § 981(a)(1) and 28 U.S.C. § 2461(c) – Criminal Forfeiture |
| PATRICK AYSON, | |
| Defendant. | SAN FRANCISCO VENUE |

## INDICTMENT

The Grand Jury charges:

### Introductory Allegations

At all times relevant to this Indictment:

1. Victim 1 maintained a bank account at JP Morgan Chase ending in 4188.

2. Victim 2 maintained bank accounts at Wells Fargo ending in 7102 and 3486.

3. Victim 3 maintained a bank account at Wells Fargo through which Victim 3 obtained a cashier's check.

4. Victim 4 maintained a bank account at JP Morgan Chase ending in 9657.

5. Wells Fargo processed all electronic account transactions, including wire transactions,

INDICTMENT

through computer servers located in Alabama and Minnesota.

6. Bank of America processed all electronic account transactions, including wire transactions, through computer servers located in Texas.

7. Fed Wire System processed all electronic account transactions, including wire transactions, through computer servers located in Texas and New Jersey.

8. Ayson opened and maintained a Wells Fargo bank account ending in 7976 in South San Francisco, in the Northern District of California.

## The Scheme to Defraud

9. Beginning at a time unknown, but not later than June 2015, and continuing through approximately November 2017, in the Northern District of California and elsewhere, the defendant,

PATRICK AYSON,

engaged in a scheme and artifice to defraud investors and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises regarding a ticket reselling business.

10. Starting in June 2015, while in the Northern District of California, AYSON represented to prospective investors that he could obtain tickets to various popular events and resell them to the public at a profit. Ayson would promise a return on their investments with profits ranging from 10 to 35% over varying periods of time.

11. To induce investors to turn over their money and lull them into falsely believing their investments were profitable, AYSON made payments to some investors or would inform some investors that their investments were profiting and told them he would "roll over" the profits for the next investment.

12. In truth, AYSON spent a *de minimus* amount of investor money on tickets. Most of the payments made to investors were from investments by new investors or additional investments by existing investors.

13. As part of the scheme to defraud, AYSON made materially false statements and concealed material facts including:

a. AYSON misrepresented to investors that he would purchase tickets to specific events, such as: Superbowl 2017, Metallic, Ultimate Fighting Championship, Barbara Streisand, and Hamilton.

INDICTMENT

  b. AYSON misrepresented to investors that he had inside connections in the ticket business, and could therefore buy sought-after tickets at a discounted price.

  c. AYSON misrepresented that the ticket brokerage business was successful, and offered to "roll over" investor "profits" into new ticket brokerage "investments" when in fact the monies were either never invested or never profitable as promised.

  d. AYSON misrepresented to existing investors that the "investment" payments returned to investors from AYSON were proceeds from the successful ticket brokerage business, when instead the monies AYSON returned to investors were in fact new investments received from new investors, in a Ponzi-like manner.

  e. AYSON misrepresented to investors that investment funds would be used in furtherance of the ticket brokerage business, and failed to disclose that he would instead spend investor funds to gamble at casinos, such as the Aria; Casino M8trix; Caesar's Palace; and the Wynn, and on personal purchases, such as flights; rent payment; dining; and shopping at Louis Vuitton.

  14. By November 2017, as part of his fraudulent scheme, AYSON had solicited at least $3,300,000 from at least 15 investors in California, New York, and Washington.

<u>COUNT ONE THROUGH SIX</u>: (18 U.S.C. § 1343 – Wire Fraud)

  15. Paragraphs 1 through 14 are re-alleged and incorporated by reference.

  16. On or about the dates set forth below, in the Northern District of California and elsewhere, the defendant,

PATRICK AYSON,

did knowingly, and with intent to defraud, devise and intend to devise a material scheme and artifice to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises and, for the purpose of executing such scheme and artifice, did transmit, and cause to be transmitted, by means of wire communication in interstate and foreign commerce, certain writings, signs, signals, pictures, and sounds, namely:

| COUNT | DATE | DESCRIPTION |
| --- | --- | --- |
| ONE | November 6, 2015 | Victim 1 wire transferred $30,000 via Fed Wire System to Wells Fargo account ending in 7976 in the name of Patrick Ayson. |

INDICTMENT

| | | |
|---|---|---|
| TWO | January 26, 2016 | Victim 1 wire transferred $35,000 via Fed Wire System to Wells Fargo account ending in 7976 in the name of Patrick Ayson. |
| THREE | February 16, 2016 | Victim 2 wire transferred $96,000 from his account to Wells Fargo account ending in 7976 in the name of Patrick Ayson. |
| FOUR | May 23, 2016 | Victim 2 wire transferred $30,000 from his account to Wells Fargo account ending in 7976 in the name of Patrick Ayson. |
| FIVE | June 14, 2016 | Victim 3 wire transferred $23,000 from his account to Wells Fargo account ending in 7976 in the name of Patrick Ayson. |
| SIX | June 6, 2017 | Victim 4 wire transferred $125,000 via Fed Wire System from her account to Bank of America account ending in 9870 in the name of Patrick Ayson. |

FORFEITURE ALLEGATIONS: (18 U.S.C. § 981 – Criminal Forfeiture)

1.  The allegations contained in Counts One through Six of this Indictment are hereby re-alleged and incorporated by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, 981 and Title 28, United States Code, Section 2461.

2.  Upon conviction for any of the offenses alleged in Counts One through Six, the defendant,

PATRICK AYSON,

shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offense, including but not limited to a forfeiture money judgment equal to the amount of proceeds obtained as a result of the offense.

3.  If any of the property described above, as a result of any act or omission of the defendants:

    a.  cannot be located upon the exercise of due diligence;
    b.  has been transferred or sold to, or deposited with, a third party;
    c.  has been placed beyond the jurisdiction of the court;
    d.  has been substantially diminished in value; or

//

INDICTMENT

1       e.    has been commingled with other property which cannot be divided without

2              difficulty;

3 the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21,

4 United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

5 DATED: 12-13-18                         A TRUE BILL.

                                                          /s/ Linda Foy
                                                          FOREPERSON

ALEX G. TSE
United States Attorney

/s/ Hallie Hoffman for
DANIEL KALEBA
Deputy Chief, Criminal Division

(Approved as to form: /s/ )
                      AUSA NEAL C. HONG

INDICTMENT